**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**NELDA GEAN HORNER AND GERALD HORNER**           **PLAINTIFFS**

**v.**           **NO. 1:10cv147-SA-JAD**

**WYETH, INC. f/k/a AMERICAN HOME PRODUCTS;
WYETH PHARMACEUTICALS f/k/a WYETH-AYERST
PHARMACEUTICALS, INC; AND DOES 1 THROUGH 10**     **DEFENDANTS**

**MEMORANDUM OPINION**

Presently before the Court is Plaintiffs' Motion for a Default Judgment [9] and Defendant's Motion to Set Aside Default [14]. For the following reasons, the Court finds the Defendant's Motion to Set Aside Default is well taken and should be GRANTED. Accordingly, Plaintiffs' Motion for Default Judgment is DENIED.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Nelda and Gerald Horner ("Plaintiffs") commenced this products liability action against Wyeth, Inc. f/k/a Americans Home Products; Wyeth Pharmaceuticals f/k/a Wyeth-Ayerst Pharmaceuticals, Inc.; and John Does 1 through 10 on June 1, 2010. Plaintiffs allege that Nelda Horner developed breast cancer after taking the hormone therapy drug Prempro. Wyeth, Inc., now known as Wyeth LLC ("Wyeth" or "Defendant"), executed a waiver of service on July 9, 2010, but failed to file an answer. Plaintiffs filed a motion for default judgment on November 5, 2010; however, they failed to file a motion for a clerk's entry of default until December 14, 2010. On the same day, the clerk of the court entered an entry of default against "Defendant Wyeth, Inc. n/k/a Wyeth, LLC." Wyeth was served with the entry of default on December 21, 2010. On December 23, 2010, counsel for Wyeth filed an entry of appearance in this action and a motion to set aside the

default.

In support of its motion to set aside the entry of default, Wyeth asserts the following: The Judicial Panel on Multidistrict Litigation has established a multidistrict litigation panel (MDL) for the efficient handling of litigation related to the drug Prempro.  As part of a pilot electronic filing system, counsel for Wyeth "tagged" this case to the MDL via an email to the Judicial Panel on Multidistrict Litigation on July 2, 2010.  A paper copy of the letter was mailed to Plaintiffs' counsel; however, it was addressed incorrectly and Plaintiffs' counsel never received it.

Normally, after a case is tagged, it is promptly transferred to the MDL absent an objection. Once a case is transferred to the MDL, defendants are relieved of their obligation to file an answer as "master answers" already on file are deemed filed in each case.   However, because of problems with the pilot Case Management / Electronic Case Filing (CM/ECF) system in use by the MDL, this action was not processed or included on a conditional transfer order (CTO).  Wyeth has attached a letter from the clerk of the MDL acknowledging receipt of the July 2 email.  The letter further states "Apparently, because of problems with the CM/ECF pilot program, the potential tag-along actions noticed [in the July 2 email] . . . were not processed by the Panel or included on a conditional transfer order. [Counsel for Wyeth] has notified the Panel of thousands of cases in MDL No. 1507, all of which have been promptly included on CTO's and transferred. . . ."

## DISCUSSION

"Defaults are not favored and their strict enforcement 'has no place in the Federal rules.'" Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc., 346 F.3d 552, 563 (5th Cir. 2003) (quoting Amberg v. FDIC, 934 F.2d 681, 686 (5th Cir. 1991)).  This Court may set aside an entry of default "for good cause."  FED. R. CIV. P. 55(a)   The requirement of good case has been interpreted liberally.  Effjohn, 346 F.3d at 563.   In determining whether good cause exists, this Court examines

(1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented. Id. These factors are non-exclusive and "are to be regarded simply as a means to identify good cause." Id.

As to the first factor, the Court finds that the default was not willful in this case. Plaintiffs concede that "Defendant was improperly operating under the assumption that this case had been transferred to the MDL and was subject to the Master Answer of the MDL court." Therefore, this factor weighs in favor of setting aside the default.

As to the second factor, the Plaintiffs allege they will suffer prejudice because "Plaintiff . . . has suffered through breast cancer because of the Defendant's product. Now, because of the Defendant's conduct in this litigation, this matter, if set aside, will be delayed another seven (7) months." However, "mere delay alone does not constitute prejudice. Rather, 'the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" Lacy v. Sitel Corp., 227 F.3d 290, 293 (5th Cir. 2000) (quoting Berthelsen v. Kane, 907 F.2d 617, 622 (6th Cir. 1990)). The Plaintiffs have failed to do so, and accordingly, the Court finds this factor weighs in favor of vacating the entry of default.

As the third factor, the Court is unable to determine at this point whether a meritorious claim has been presented. The Court finds this factor to be neutral.

The Court is satisfied that good cause exists to set aside the entry of default in this case. Defendant failed to file an answer in this action because they in good faith believed this action had been transferred to the MDL. The Court finds that any failure on the Defendant's part to ascertain whether the action had been transferred was excusable neglect. Additionally, Wyeth has acted swiftly to cure its default. Default judgments "should not be granted on [a] claim, without more, that the defendant had failed to meet a procedural time requirement." Mason & Hanger-Silas Mason Co.

v. Metal Trades Council, 726 F.2d 166, 168 (5th Cir. 1984). As such, "where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." Gen. Tel. Corp. v. Gen. Tel. Answering Serv., 277 F.2d 919, 921 (5th Cir. 1960). Therefore, the clerk's entry of default [12] is vacated.

## CONCLUSION

For these reasons, Plaintiffs' Motion for Default Judgment [9] is DENIED. Defendant's Motion to Set Aside Default [14] is GRANTED.

SO ORDERED.

This, the 25th day of February, 2011.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**